This is a review under article 78 of the Civil Practice Act of a determination of the State Liquor Authority revoking petitioner’s restaurant liquor license. The license was revoked on two grounds: (1) that petitioner failed to maintain the premises in a sanitary condition; (2) that on one occasion a bartender employed by petitioner sold one glass of beer to each of three individuals who, it is claimed, were intoxicated. The testimony of the investigators employed by the Liquor Authority is to the effect that on January 11, 1946, they visited petitioner’s premises and remained there for about half an hour; that three individuals served with a glass of beer staggered and that their speech was incoherent. The charge that the premises were maintained in an unsanitary condition is inconsequential and should be disregarded. At the time the investigators visited petitioner’s premises he was not present. The alleged sales were made by an inexperienced bartender who had been recently discharged from service in the armed forces of the country. The investigators did not make their identity known. It is significant that although the alleged violation occurred on January 11, 1946, no proceeding was taken to revoke the license until April 24th following and no decision was made until June 7th. At the time of the investigation petitioner did not own the property. He had been endeavoring to acquire title thereto for some time and had entered into a contract to purchase these premises , for $15,000 in March, 1946. In addition to that he had expended $3,552.69 in making repairs to the premises. All this was called to the attention of the Liquor Authority. Petitioner appeared without counsel at the hearing. In addition to revoking his license the board also determined that no new license should be issued for the same premises for a period of twenty-four months. That determination is without legal authority. The meager proof upon which the board relied in making its determination indicates that it acted arbitrarily and capriciously. Petitioner was not accorded a fair hearing. The long delay between the secret visit of the inspectors and the institution of the proceedings to revoke the license deprived petitioner of an opportunity to present any real defense. The testimony of the investigators did not disclose the names of the alleged intoxicated persons nor any description which would identify them. Determination annulled on the law and facts, with $50 costs and disbursements to petitioner, and the matter remitted to the board for the taking of such further proof as either party may desire to offer. Heffeman, Brewster and Foster, JJ., concur; Hill, P. J., and Lawrence, J., dissent.